## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

HAROLD O'NEIL, # 40978-037            *

Petitioner                                       *

v                                                       *            Civil Action No. RDB-13-2779
                                                                      Related Crim. Case RDB-10-0182
UNITED STATES OF AMERICA          *

Respondent                                   *
                                                   ***

### MEMORANDUM OPINION

The self-represented Petitioner Harold O'Neil has filed a Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. (ECF No. 59). This Court ordered Respondent to file an Answer solely on the issue of the timeliness of the Petition. (ECF Nos. 60 and 63). Respondent answered seeking denial of the Petition as untimely filed. (ECF No. 61). Petitioner filed a Reply asserting that he is entitled to equitable tolling of the statutory limitations period. (ECF No. 63).

After reviewing the parties' submissions, this Court finds that no hearing is necessary. *See* Rule 8(a), *Rules Governing Section 2255 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2011). For the reasons stated herein, Petitioner's Motion (ECF No. 59) is DENIED AND DISMISSED as time-barred and a Certificate of Appealability IS DENIED.

### BACKGROUND

On February 19, 2010, Baltimore City police detectives observed Petitioner on a city street with a black handgun in his front pants pocket. The police seized a Beemiller Hi Point 9mm semiautomatic with an obliterated serial number and loaded with eight rounds, including

one in the chamber. Also recovered from Petitioner's pants pockets was more than $4,300.00 in cash and a bag containing heroin.

On February 19, 2010, Petitioner was charged with possession of a firearm by a convicted felon; possession with intent to distribute heroin; and possession of a firearm in furtherance of a drug trafficking crime; in violation of 18 U.S.C. §922(g); 21 U.S.C. § 841(a)(1); 18 U.S.C. § 924(c).

On November 1, 2010, Petitioner entered a plea agreement with the government pursuant to Fed. R. Crim. P. 11(c)(1)(c).[1] He pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and all other counts were dismissed. On January 28, 2011, this Court sentenced him to a total term of imprisonment of 110 months and entered judgment. Petitioner did not file an appeal.

The instant Motion was received for filing on September 19, 2013. For the purposes of assessing timeliness, the Motion is deemed filed on September 16, 2013, the date it was signed by Petitioner and presumably placed in the prison mail system. *See Houston v. Lack,* 487 U.S. 266, 276 (1988) (prisoner's mail is deemed filed when prisoner delivers it to prison officials for mailing).

## DISCUSSION

## I. LIMITATIONS PERIOD

A one-year period of limitation applies to Motions to Vacate, Set Aside or Correct under § 2255. 28 U.S.C.  § 2255(f).  In this case, the pertinent part of the statute provides that the one-year period begins to run from the judgment of conviction became final. 28 U.S.C. § 2255(f)(1).

---

[1]  A plea entered pursuant to Fed.R.Crim.P. 11(c)(1)(C) is commonly referred to as a "C plea". Rule 11(c)(1)(C) provides, in relevant part, that "the plea agreement may specify that an attorney for the government will ... agree that a specific sentence or sentencing range is the appropriate disposition of the case ... (such a recommendation or request binds the court once the court accepts the plea agreement)." Fed.R.Crim.P. 11(c)(1)(C).

Petitioner's judgment of conviction became final on January 28, 2011, when judgment was entered, and the one-year period started running at that time. Thus, Petitioner had until January 28, 2012 to file a timely § 2255 motion. Under these circumstances, when Petitioner filed the instant Motion on September 16, 2013, the one-year limitations period had long expired.

## II.  EQUITABLE TOLLING

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.' " *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002), citing *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In *Holland v. Florida*, 560 U.S. 631, 649 (2010), the Supreme Court stated that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. *Id.*; *see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

Generally, "attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Rouse v. Lee*, 339 F.3d 238, 248 (4th Cir.2003) (citations omitted); *see also Hutchinson v. Florida*, 677 F.3d 1097, 1100 (11th Cir. 2012) ("If attorney miscalculation, error, or negligence were enough for equitable tolling, the § 2244(d) statute of limitations would be tolled to the brink of extinction...."). "[T]o rise to the level necessary to constitute an 'extraordinary circumstance,' ... attorney negligence must be so egregious as to amount to an effective abandonment of the attorney-client relationship." *Rivas v. Fischer*, 687 F.3d 514, 538 (2d Cir.2012); *see also Maples v. Thomas*, _ U.S. _, & n. 7, 132 S.Ct. 912 (2012) (noting a prisoner should not "be faulted for

3

failing to act on his own behalf when he lacks reason to believe his attorney [ ] of record, in fact, [is] not representing him").

Petitioner asserts that he is entitled to equitable tolling of the statutory filing deadline because counsel Mark L. Zayon's failure to file a timely Motion to Vacate amounts to extraordinary circumstances. (Motion to Vacate, ECF No. at ¶ 18; Pet. Reply; ECF 64 at 4). In support, Petitioner attests that he retained Zayon to represent him during "any and all proceedings pertaining to this case." (Pet. Aff. ¶ 2; ECF 64, Exhibit 2 ¶ 2). Petitioner states that in November of 2011, he contacted Zayon about issues presented in his "recently filed § 2255, and we agreed that he would pursue them by whatever means available." (Pet. Aff. ¶ 4; ECF 64, Exhibit 2 ).[2]

Petitioner further attests that in May of 2012, his wife contacted Zayon who told her that Assistant U.S. Attorney Robert Harding had informed him that "I (Harding) don't have the file anymore and no copy of the PSR... I don't see anything wrong. Anyway, it was a C-plea to a term of months, so it does not matter what the base offense level was..." (*Id.* ). According to Petitioner, Zayon informed Petitioner's wife that he (Zayon) was "looking into it." (*Id.*) In March of 2013, Zayon sent Petitioner previously requested materials. (*Id.*).[3] Petitioner states that he attempted to contact Zayon several times and received no response. (*Id.* at ¶¶ 6- 7). Petitioner states that he "gave up" around August of 2013, and filed his petition *pro se*. (*Id.* at ¶ 7).

Notably missing to substantiate these general allegations are the declarations of Petitioner's wife or Mark Zayon, a retainer agreement with Zayon covering post-conviction relief proceedings, copies of the letters Petitioner indicates that he wrote to Zayon, or the dates on which Petitioner or his wife attempted to contact counsel. Petitioner's vague allegations are

---

[2]  It is unclear what Petitioner means here as there was no § 2255 Motion filed in this Court at that time.

[3]  Petitioner does not specify the nature of these materials.

insufficient to show attorney abandonment warranting equitable tolling. *See, e.g., Hutchinson*, 677 F.3d at 1099 ("[T]he allegations supporting equitable tolling must be specific and not conclusory.").

Further, Petitioner's allegations of fact, credited as true, fail to demonstrate that he pursued his rights diligently. Petitioner waited some ten months after the limitations period started to run before he contacted Zayon in November of 2011. The one-year limitations period expired two months later on January 28, 2012. When Petitioner's wife spoke to Zayon by telephone in May of 2012, the limitations period has already elapsed. Lack of diligence in pursuing his claims forecloses the application of equitable tolling. Petitioner has not satisfied the heavy burden of demonstrating that equitable tolling is appropriate in this instance.

To the extent, Petitioner avers equitable tolling is appropriate because he is actually innocent of possessing a semiautomatic firearm that is capable of accepting a large capacity magazine or a firearm as described in 26 U.S.C. § 3845 (ECF No. 59; Petition at paragraph 18), a large capacity magazine is not an element of the offense to which Petitioner pled guilty. Counsel's failure to raise a legally inconsequential argument did not prejudice Defendant. Petitioner's claim is without merit and provides no basis for equitable tolling.

## CONCLUSION

Having concluded that the Motion to Vacate was filed outside the statute of limitations, the court will dismiss the motion as untimely in a separate Order which follows. A Certificate of Appealability will not issue because reasonable jurists would not debate (a) this Court's decision that Defendant's motion does not state a valid claim of the denial of a constitutional right, or (b) the propriety of this Court's procedural rulings with respect to defendant's claims. *See* 28 U.S.C.

§ 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). A separate Order follows.

June 2, 2014
_____
Date

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE